IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:11cr584 |
| v. | ) | |
| | ) | Sentencing Date: May 25, 2012 |
| MELVIN ERALDO RAMIREZ | ) | |
| | ) | The Honorable James C. Cacheris |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and C. Alexandria Bogle, Special Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission (USSG), *Guidelines Manual*, § 6A1.2 (Nov. 2011), files this Position of the United States with Respect to Sentencing in the instant case. Consistent with the United States pre-trial resolution agreement with the defendant, the United States asks this Court to impose a sentence at the low end of the properly calculated guidelines range of 77-96 months. Such a sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a). In addition, the United States hereby moves this Court to award the defendant a three point deduction for the acceptance of responsibility, pursuant to USSG § 3E1.1(b). This three point deduction was already reflected in the calculated guideline range and in the United States' recommendation.

**BACKGROUND**

On December 22, 2011, a federal grand jury seated in the U.S. District Court, Eastern District of Virginia, returned a one-count Indictment charging the defendant, MELVIN ERALDO RAMIREZ, with Illegal Reentry Subsequent to an Aggravated Felony Conviction, in

violation of 18 U.S.C.§ 1326(b)(2). On December 23, 2011, an arrest warrant was issued for the defendant by U.S. Magistrate Judge John F. Anderson. The warrant was executed on December 27, 2011, and the defendant made his initial appearance that same day. On January 6, 2012, the defendant had his arraignment before Senior U.S. District Judge James C. Cacheris.

On February 23, 2012, the defendant appeared with counsel before Judge Cacheris and pled guilty to the indictment. While there was no formal Plea Agreement in this matter, the United States agreed that in exchange for the defendant's guilty plea, the United States would seek a sentence at the low end of the properly calculated sentencing guidelines range. Additionally, the United States and the defendant filed a Statement of Facts. The United States and the defendant agree that the defendant, a native and citizen of El Salvador with no valid claim to any lawful immigration status in the United States, was removed from the United States on or about January 24, 2003 at or near Houston, Texas, pursuant to a valid removal order. Thereafter, the defendant was again removed from the United States on or about March 5, 2005, October 5, 2007, and June 13, 2008, each time pursuant to valid removal orders. Following each removal, the defendant illegally reentered the United States without the permission of the Attorney General or Secretary of Homeland Security to reapply for admission. The defendant was last found on or about April 21, 2011, in Prince William County, a location within the Eastern District of Virginia. Finally, the United States and the defendant agree that, prior to each removal, the defendant was convicted in Arlington County, Virginia, of Attempted Distribution of Cocaine, an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43), in violation of Virginia Code Section 18.2-57. The matter was continued for sentencing until May 25, 2012, and referred to the United States Probation Office for completion of the presentence investigation

report. The defendant has remained in the custody of the U.S. Marshals Service since his December 27, 2011 arrest.

The defendant faces a maximum term of imprisonment of 20 years, a maximum fine of $250,000, a special assessment of $100, and 3 years of supervised release. The defendant is in Criminal History VI. Accordingly, the Defendant's Total Offense Level is 21, Criminal History VI, for a Guideline range of 77-96 months.

## ARGUMENT

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker*, 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment

3

for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

### I. The Defendant's Pre-Sentence Report Accurately Reflects the Defendant's Criminal Offense Level and Criminal History Category

On May 7, 2012, the United States informed the probation officer that it had no objections to the presentence report. That same day, the defendant, through counsel, advised the probation officer of the defendant's objections to the report. According to the Addendum to the Presentence Report, which was filed on May 14, 2012, two of the defendant's objections remain outstanding. First, the defendant objects to the assessment of one criminal history point for a conviction where it is unclear from the record whether he was represented by counsel. Second, the defendant objects to the probation officer's assessment of two additional criminal history points because he committed the instant offense while under any criminal justice sentence.

#### A. *The Presentence Report Properly Calculates the Defendant's Criminal History*

On July 17, 2001, the defendant pled guilty to a misdemeanor Hit and Run and Driving with a Suspended License, in violation of Virginia Code Sections 46.2-894 and 46.2-301, respectively. The defendant was sentenced to 90 days jail (60 days of which were suspended) for his Driving While Suspended conviction and received a fine for his Hit and Run conviction. The defendant argues that convictions rendered without the benefit from counsel should be excluded from counting toward the defendant's criminal history score. Admittedly, in this case, the defendant's attorney representation cannot be determined solely by the conviction records. *See* Attachment A. Additionally, due to the age of the conviction, court records are no longer available. *See* VA. CODE ANN. §§ 16.1-69.55 and 16.1-69 (2011) (cases from the General District Courts of Virginia are purged and destroyed after ten years). However, the Virginia

4

Code also states, in relevant part, that whenever a person charged with a criminal offense where the penalty could include incarceration appears before the court without being represented by counsel, the court shall inform him of his right to counsel and the defendant shall have a reasonable opportunity to obtain counsel or provide a statement of indigence. *See* VA. CODE ANN. § 19.2-157 (2011). Accordingly, as the defendant received a jail sentence, and there is a presumption of regularity in how a court operates, there is a presumption that the defendant was, at a minimum, provided an opportunity for counsel. Further, the Fairfax County General District Court Online Payment System notes that the defendant was represented by "Public Defender C329" *See* Attachment B. Therefore, the United States contends that the presentence report correctly reflects the defendant's criminal history category.

    B.    *The Defendant was under a Criminal Justice Sentence while he committed the Instant Offense*

On March 14, 2006, the defendant pled guilty to Malicious Wounding, a crime of violence as defined in USSG § 4B1.2, and Damage Property, in violation of Virginia Code Sections 18.2-51 and 18.2-137, respectively. The defendant was sentenced to consecutive terms of eight years imprisonment for his Malicious Wounding conviction and twelve months imprisonment for his Damage Property conviction with six years suspended for his Malicious Wounding conviction and twelve months suspended for his Damage Property conviction. The defendant was also placed on two years supervised probation for his Malicious Wounding conviction. The sentencing order states, *inter alia*, "in addition to the supervised probationary period, the defendant is to be of good behavior and *obey all laws* during the suspension of the aforesaid sentence" (emphasis added). *See* Attachment C. In other words, as part of the sentencing order, the defendant must obey all laws during the period of his suspended sentence,

5

which is scheduled to end on or about March 14, 2013. Despite the fact that the defendant's term of probation was closed due to the fact that the defendant had been deported on March 20, 2009, the defendant remains under a criminal justice sentence for the period of his suspended sentence. The Fourth Circuit has held in unpublished decisions that a period of suspended sentence constitutes being under a criminal justice sentence for purposes of USSG § 4A1.1(d). *See, United States v. Sotelo,* 177 Fed. Appx. 366, 367-368 (2006) (finding that the district court did not err in concluding the defendant's suspended sentence constituted a criminal justice sentence); *See also, United States v. Kenneth Lee Traynham,* 178 F.3d 1288 (1999) (finding that the district court did not err in giving the defendant two criminal history points under USSG § 4A1.1(d), as the defendant was under a criminal justice sentence when he committed the instant offense as his suspended sentence was subject to revocation if the condition of good behavior was not met.) Accordingly, here, because the defendant was specifically ordered to "be of good behavior and *obey all laws* during the suspension of …[his]…sentence," the defendant remained under a criminal justice sentence at the time he illegally reentered the United States and still remains under a criminal justice sentence until on or about March 14, 2013. Therefore, it is appropriate to add two additional criminal history points, pursuant to USSG § 4A1.1(d).

## II. A Sentence of At the Low End of the Properly Calculated Guidelines of 77-96 Months Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b)

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational

or vocational training, medical care, or other correctional treatment in the most effective manner.

A. *Nature and Circumstances of the Offense*

Applying these sentencing factors to the facts of this case demonstrates that a sentence at the low end of the properly calculated guideline range of 77-96 months is appropriate and reasonable. The defendant illegally reentered the United States after having been previously deported for committing an aggravated felony, namely attempting to distribute cocaine. Although this is the first time the defendant is being criminally prosecuted for this offense, this is his fourth time illegally reentering the United States. Specifically, after the defendant was originally deported as an aggravated felon in 2003, he again reentered and was subsequently removed from the United States in 2005, 2007 and 2008. The United States, therefore, believes that a significant sentence is necessary to deter the defendant from illegally reentering the United States yet again.

B. *History and Characteristics of Defendant*

The defendant has a lengthy and serious criminal history in the United States that spans over a decade. Specifically, prior to being deported for as an aggravated felon, the defendant had been convicted of the following offenses:

1. July 8, 2000. Attempted Distribution of Cocaine. 3 years imprisonment.
2. December 18, 2000. Brandish Firearm. 90 days imprisonment.
3. February 25, 2001. Driving While Suspended. 180 days imprisonment.
4. February 26, 2001. Hit and Run. Fine/costs.
5. February 26, 2001. Driving While Suspended. 90 days incarceration.
6. April 6, 2001. Failure to Give CDS to Police. Time Served (25 days).
7. May 1, 2002. Driving While Suspended. 90 days imprisonment.
8. June 26, 2002. Petit Larceny. 180 days incarceration.

7

Thereafter, the defendant was deported from the United States and, at an unknown date subsequent to his January 24, 2003 deportation, he illegally reentered the United States and was convicted for the following Offenses:

9. October 10, 2005. Malicious Wounding. 8 years imprisonment.
10. October 10, 2005. Damage Property. 12 months imprisonment.

Notably, according to the indictment, the defendant "did unlawfully, feloniously and maliciously stab, cut or wound...[ his former girlfriend with whom he has two children with]...with the intent to main, disfigure, disable, or kill." Equally important, the defendant was also originally charged with Abduction and Child Neglect, two very serious charges that were nolle prossed in exchange for his guilty plea. After serving approximately two years in prison, the defendant was deported.

Thereafter, at an unknown date subsequent to his October 5, 2007 deportation, the defendant illegally reentered the United States and was last deported on June 13, 2008. At an unknown date, the defendant, once again, illegally reentered the United States and was convicted of the following Offenses:

11. March 8, 2010. Identity Theft. Fine/costs.
12. March 8, 2010. Drive Under Suspension. Fine/costs.
13. March 8, 2010. Reckless Driving. Fine/costs.
14. April 20, 2011. Assault and Battery of a Law Enforcement Official. 2 years imprisonment.
15. April 20, 2011. Driving on a Suspended License. 6 months jail.

The defendant's criminal history provides absolutely no justification for departure from the heartland of the sentencing guidelines. To the contrary, the defendant's criminal history shows, not only a history of violence, but also a blatant and longstanding disregard for the laws

8

of the United States. The defendant may argue, as he has in previous interviews with immigration officials, that he was only trying to return to the United States to live with his family. However, the defendant's time in the United States has not been well spent. Each time the defendant illegally reentered the United States he committed additional crimes, some of them being violent crimes against the same family that the defendant has argued that he wants to live with. Accordingly, notwithstanding the fact that the defendant has accepted responsibility for the offense charged by pleading guilty, the United States believes that a sentence of at the low end of the properly calculated guidelines range of 77-96 months is necessary to deter the defendant, an individual convicted of multiple aggravated felonies, from illegally reentering the United States, and committing additional crimes yet again.

## CONCLUSION

Therefore, for the above-stated reasons, the United States submits that a sentence at the low end of the properly calculated guidelines range of 77-96 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____/s/_____
C. Alexandria Bogle
Special Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3818
Fax: 703-299-3980
christine.bogle@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of May, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William Todd Watson
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Phone: 703-600-0800
todd_watson@fd.org

      And I hereby certify that I have sent the foregoing by electronic communication to the following individual:

William C. Byerley
U.S. Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, Virginia 20109
(703) 366-2100
william_byerley@vaep.uscourts.gov

                                                  /s/
                                        C. Alexandria Bogle
                                        Special Assistant United States Attorney
                                        United States Attorney's Office
                                        Eastern District of Virginia
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: 703-299-3818
                                        Fax: 703-299-3980
                                        christine.bogle@usdoj.gov